| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust B | **Order Filed on November 27, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Christine I. Forand-Harris,<br><br>Debtor. | Case No.:  19-26391 ABA<br>Adv. No.:<br>Hearing Date:  11/13/19 @10:00 a.m.<br><br>Judge:  Andrew B. Altenburg, Jr. |

**ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: November 27, 2019**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

Page 2
Debtor:     Christine I. Forand-Harris
Case No.:   19-26391 ABA
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wilmington Savings Fund Society, FSB, as trustee for Upland Mortgage Loan Trust B, holder of a mortgage on real property located at 2433 East Main Street Millville, NJ 08332, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Victor Druziako, Esquire, attorney for Debtor, Christine I. Forand-Harris, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by December 30, 2019 or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments outside of the plan in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.